UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

T.C.T. (XXX-XX-4222)                              CIVIL ACTION NO. 08-cv-1427

VERSUS

U.S. COMMISSIONER SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

T.C.T. ("Plaintiff") filed an application for disability benefits.  ALJ Osly F. Deramus

held a hearing and issued a written decision in February 2008 that denied the claim.  The

ALJ, in conducting the five-step sequential analysis, found that Plaintiff had the residual

functional capacity ("RFC") to perform light work, reduced by the ability to only

occasionally climb, balance, stoop, crouch, or crawl.  The ALJ found, based on the testimony

of a vocational expert, that Plaintiff's RFC permitted her to perform the demands of her past

relevant work as an accounting clerk, cashier, and pricer (which are sedentary to light work

and require no more than occasional postural functions).

Plaintiff pursued the case to the Appeals Council.  He filed a brief and argued that the

ALJ erred when he did not include in his RFC a limitation identified by Dr. Clinton

McAlister, who conducted an orthopedic consultative evaluation in 2007. Dr. McAlister had

observed poor effort and some indications of symptom magnification during the examination,

but he had nonetheless concluded that Plaintiff could perform at only a sedentary to light duty

activity level.  He added: "There can be some alternation of sitting, standing, and walking.

She should be allowed frequent changes of position." Tr. 154-59. The ALJ had summarized

Dr. McAlister's report, and even quoted the referenced language. Tr. 26. He later observed

that Dr. McAlister's opinion was "well supported" so "was given great weight."  The ALJ

had not, however, included in the RFC Dr. McAlister's finding that Plaintiff should be

allowed frequent changes of position, nor did the ALJ explain why he omitted that aspect of

Dr. McAlister's opinion.

Plaintiff, in his letter to the Appeals Council, also pointed to a report from

Steve Allison, P.T., which was prepared after the ALJ's decision.  Mr. Allison opined that

Plaintiff could perform work in the restricted-light category.  In a chart attached to the report,

Allison noted with regard to Plaintiff's ability to sit:  "On average, she will need to stand and

walk for 20 minutes each hour."  Tr. 172-75.

The Appeals Council stated that it had reviewed Plaintiff's submissions but found no

reason to review the ALJ's decision.  Tr. 5-6.  Plaintiff then filed this civil action seeking

judicial review.  Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court

governing social security cases, the action was referred to the undersigned for decision and

entry of judgment.

Plaintiff argues on appeal that the ALJ erred in not including or at least specifically

considering Dr. McAlister's opinion regarding the need for frequent changes of position. An

ALJ need not discuss every piece of evidence in the record, but he may not ignore a

significant line of evidence that is in contradiction to the ALJ's findings and that could

reasonably cast doubt on the result.  Rey v. Commissioner, 2009 WL 249702, *2 (W.D. La. 2009).  The decision must not only state which evidence was considered in support of the result but must also indicate why evidence that would support a claim was rejected.  Failure to explain an implicit rejection of evidence may be grounds for reversal and remand.  Social Security Law & Practice, § 53:11 (Comprehensive and Analytical Findings).  See also Reeder v. Apfel, 214 F.3d 984, 988 (8th Cir. 2000) (failure to specifically address medical records indicating some limitations in ability to stand, sit, and lift required remand) and Loza v. Apfel, 219 F.3d 378, 395 (5th Cir. 2000) ("The ALJ cannot reject a medical opinion without an explanation.").

The Commissioner argues that the ALJ was warranted in not including that aspect of Dr. McAlister's decision because there was evidence of symptom magnification, insufficient objective medical findings, and other reasons that the ALJ might have discounted that aspect of the opinion.  Such reasoning might have withstood review if offered by the ALJ but, whether through oversight or intent, he did not address this evidence.  "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."  Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000).  See also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir.2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.").

It would be inappropriate for the undersigned to weigh the evidence, consider the Commissioner's arguments, and decide the issue in the first instance.  It is the role of the ALJ

to first address the evidence and, if warranted, gather additional evidence or reports to flesh out the issues.  The court's proper role is confined to an appellate review of the agency's final decision. For the undersigned to attempt to decide the case, without any prior discussion by the ALJ or Appeals Council about the relative weight or meaning of this potentially important finding, would not be appropriate. Under these circumstances, the Commissioner's decision must be reversed, and the case will be remanded to the agency for further proceedings.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters.  See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.").  See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE